**Donna DANTE, et al., Plaintiffs,**

v.

**DOW CORNING CORPORATION, et al., Defendants.**

**Civ. No. C–1–92–057.**

United States District Court, S.D. Ohio, W.D.

Feb. 14, 1992.

Stanley M. Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, Ohio, for plaintiffs.

Frank Woodside, III, Dinsmore & Shohl, Cincinnati, Ohio, for defendants.

## ORDER CERTIFYING CLASS

CARL B. RUBIN, District Judge.

This matter is before the Court for consideration of the certification of this case as a class action pursuant to Rule 23(B)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a class consisting of persons who had silicone gel breast implants placed in their bodies, and the spouses of such persons. Causes of action are asserted against those who manufactured, developed, designed, fabricated, sold, supplied, distributed or placed into the stream of commerce such implants.

Rule 23 of the Federal Rules of Civil Procedure imposes specific obligations upon a District Court where class action status is sought. The Court must make a determination "as soon as practicable whether it is to be so maintained.", Rule 23(c)(1), Fed.R.Civ.P. *See also Senter v. General Motors*, 532 F.2d 511 (6th Cir. 1976), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1977).

Rule 23(c) permits a member of a class to sue as a representative party of: [1] a class so numerous that joinder of all members is impractical, (Rule 23(a)(1), Fed.R.Civ.P.), [Numerosity]; [2] with common questions of law or fact, (Rule 23(a)(2), Fed.R.Civ.P.), [Commonality]; [3] where the claims of the representatives are typical of the claims of the Class (Rule 23(a)(3), Fed.R.Civ.P.), [Typicality]; and [4] where such representative party will fairly and adequately protect the interests of the class (Rule 23(a)(4), Fed.R.Civ.P.), [Fair Representation].

If the foregoing are satisfied, there must be in addition the existence of a fact situation described in Rule 23(b)(3).

## I.

## PREREQUISITES TO A CLASS ACTION

*"Numerosity"—23(a)(1)*

It is asserted that the class to be certified numbers in the thousands. The United States Court of Appeals for the Sixth Circuit has previously held that a class of 35 was sufficient to meet the numerosity requirement. *Afro American Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974).

*"Commonality"—23(a)(2)*

As persons who have undergone silicone breast implant surgery plaintiffs appear to have a common right to assert a claim against Defendants.

*"Typicality"—23(a)(3)*

The proposed representative of the class asserts claims that are typical of the class because all plaintiffs allege injury from silicone gel breast implants manufactured and distributed by Defendants.

For purposes of the determination of liability at least, the claims of the representative are the claims of the class.

*"Adequate Representation"—23(a)(4)*

This Court has considered the qualifications of Plaintiff's counsel and considers that they have sufficient experience and ability to properly represent the entire class. In view of the foregoing, the Court finds that each of the prerequisites of Rule 23(a), Fed.R.Civ.P., have been met.

## II.

## CLASS ACTIONS MAINTAINABLE

The requirements of Rule 23(b), Fed.R.Civ.P., appear likewise to have been met. Rule 23(b)(3), Fed.R.Civ.P., provides for a class action when "the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available means for the fair and efficient adjudication of the controversy."

There is an assertion here that there are thousands of persons who are in the same position as Plaintiff. Plaintiffs have asserted causes of action in negligence, strict liability and breach of warranty, both expressed and implied. Without determining the merits of Plaintiff's claims, it is clear

that a class action is far superior to numerous individual determinations of the same rights.

Accordingly, the Court does find that pursuant to Rule 23(b)(3), this litigation may proceed as a class action. The Court does define the class as:

All persons who had silicone gel breast implants placed in their bodies and their spouses, whose implants were manufactured, developed, designed, fabricated, sold, supplied, distributed or placed into the stream of commerce by Defendants.

Pursuant to Rule 23(c)(2), Plaintiff is directed to give notice to the members of the class by first class mail addressed to the last known place of address of all persons included in the class. Defendant shall forthwith provide Plaintiff with such names and addresses. Such notice shall be as set forth in Attachment A hereof.

The foregoing certification of class shall be deemed conditional only and may be altered, amended or set aside at any time before a decision on the merits. A hearing regarding the propriety of this conditional certification will be held at 10:30 a.m. on Friday, February 28, 1992, in Courtroom 805.

IT IS SO ORDERED.